UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THONG HACH,

    Petitioner,

  v.

MARION SPEARMAN,

    Respondent.

No. 2: 15-cv-0654 KJN P

ORDER

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned. (ECF No. 4.)

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Petitioner challenges his 2007 conviction from the San Joaquin County Superior Court. Petitioner alleges that the abstract of judgment does not reflect his actual sentence. Petitioner alleges that on April 30, 2007, the trial court sentenced him to 25 years to life. (ECF No. 1 at 2 (sentencing transcript).) Petitioner alleges that the May 3, 2007 abstract of judgment incorrectly states that petitioner was sentenced to 40 years to life. (Id. at 17 (abstract of judgment).)

////

1    Court records indicate that petitioner previously filed a habeas corpus petition in this court
2    challenging his 2007 conviction from the San Joaquin County Superior Court, <u>Hach v.</u>
3    <u>McDonald</u>, 2: 10-cv-0304 MCE EFB P.[1] On April 16, 2012, the court denied this petition on the
4    merits.

5    Under § 2244, a prisoner can file a second or successive habeas petition only after
6    obtaining an authorization order from a three-judge panel in the appropriate court of appeals.  28
7    U.S.C. § 2244(b)(3); <u>see also</u> <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (per curiam) (District Court
8    without jurisdiction to consider a "second or successive" petition if petitioner did not receive
9    authorization from the court of appeals before filing his petition).  A habeas petition is not
10   "second or successive" if the petitioner did not have an opportunity to challenge the state's
11   conduct in a prior petition.  <u>Hill v. Alaska</u>, 297 F.3d 895, 898-99 (9th Cir. 2002).

12   In the instant case, petitioner could have raised his claim challenging the alleged error in
13   the abstract of judgment in his prior petition.  The alleged violation raised in the instant action
14   occurred prior to the filing of petitioner's prior petition.  Accordingly, petitioner cannot proceed
15   with the instant action unless he has received authorization from the Ninth Circuit Court of
16   Appeals.  Because petitioner has not received this authorization, the instant action must be
17   dismissed.

18   Accordingly, IT IS HEREBY ORDERED that:

19   1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is granted;

20   2. This action is dismissed;

21   3. A certificate of appealability is not issued.

22   Dated:  April 3, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hach654.dis

---

[1]  (Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert.</u> <u>denied</u>, 454 U.S. 1126 (1981)).

2